**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

FILED
**United States Court of Appeals**
**Tenth Circuit**

**July 7, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

DEREK SKELLCHOCK,

    Plaintiff - Appellant,

v.

JUDGE LAURIE KAUZIE DEAN;
JUDGE SUSAN BLANCO;
MAGISTRATE KANDACE
MAJOROS; JUDGE JUAN G
VILLASENOR; MAGISTRATE
JOLSTAD; STATE OF COLORADO,

    Defendants - Appellees.

No. 24-1436
(D.C. No. 1:24-CV-00892-LTB-RTG)
(D. Colo.)

_____

**ORDER AND JUDGMENT***

_____

Before **TYMKOVICH**, **MATHESON**, and **FEDERICO**, Circuit Judges.

_____

Derek Skellchock appeals the dismissal of his pro se action against

the State of Colorado and four state-court judges. The district court

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appeal 32.1 and Tenth Circuit Rule 32.1.

dismissed the action on several different grounds, including Eleventh Amendment immunity and absolute judicial immunity. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

Mr. Skellchock alleged the State of Colorado and several state-court judges interfered with his benefits from the Department of Veterans Affairs ("VA benefits"). A federal magistrate judge twice directed him to amend his pro se complaint to cure various pleading deficiencies, and although he attempted to comply the first time, he refused to do so the second time. Consequently, another magistrate judge reviewed the amended complaint and recommended that the action be dismissed. Among other things, the magistrate judge determined that Eleventh Amendment immunity barred the claims against the State of Colorado and the state-court judges enjoyed absolute judicial immunity. Over Mr. Skellchock's objections, the district court adopted the recommendation and dismissed the action.

## II

We afford Mr. Skellchock's pro se materials a liberal construction, but we do not act as his advocate in searching the record and formulating arguments on his behalf. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

As an initial matter, Mr. Skellchock has waived appellate review of

2

the district court's dismissal under the Eleventh Amendment because his brief does not address that issue. *See Stein v. Disciplinary Bd. of Sup. Ct. of N.M.*, 520 F.3d 1183, 1189 (10th Cir. 2008) (holding inadequately briefed arguments are waived).[1]

As for the district court's judicial-immunity ruling, our review is de novo. *See Eastwood v. Dep't of Corr.*, 846 F.2d 627, 629 (10th Cir. 1988). "A judge acting in his judicial capacity is absolutely immune from . . . suit[], unless the judge acts clearly without any colorable claim of jurisdiction." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990). "A judge may act in excess of his subject matter jurisdiction and still retain absolute judicial immunity; only in the unusual circumstances of complete and clear absence of all jurisdiction is absolute immunity inappropriate." *Id.* at 694. "[T]he scope of the judge's jurisdiction must be construed broadly when the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Mr. Skellchock contends the state judges exceeded their jurisdiction

---

[1] Mr. Skellchock cites *Ex parte Young*, 209 U.S. 123 (1908), which "creates an exception [to Eleventh Amendment immunity] under which individuals can sue state officers in their individual capacities if the lawsuit seeks prospective relief for an ongoing violation of federal law," *Free Speech Coal., Inc. v. Anderson*, 119 F.4th 732, 736 (10th Cir. 2024). *See* Aplt. Br. at 6. But he does not develop any argument as to how this case helps him. *See Stein*, 520 F.3d at 1189. Neither did he seek prospective relief; the amended complaint sought only retrospective declaratory relief and punitive damages. *See* R. at 31.

Appellate Case: 24-1436    Document: 8-1    Date Filed: 07/07/2025    Page: 4

by garnishing and allocating his VA benefits in contravention of federal law. But even if they committed legal error, that would not mean they acted in the clear absence of all jurisdiction such that they would be divested of absolute immunity for actions taken in their judicial capacity. "A judge does not act in the clear absence of all jurisdiction even if the action he took was in error, was done maliciously, or was in excess of his authority." *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (internal quotation marks omitted). Indeed, regardless of whether the state judges incorrectly garnished or allocated his VA benefits in violation of federal law, the salient question remains whether their actions were taken in their judicial capacities. *See Mireles v. Waco*, 502 U.S. 9, 12 (1991) ("*Stump* made clear that whether an act by a judge is a judicial one relates to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." (brackets and internal quotation marks omitted)). On that score, the amended complaint indicates the state judges acted solely in their judicial capacities by entering orders that affected Mr. Skellchock's VA benefits. *See* R. at 29 (alleging judges made "temporary rulings to extract money from my VA benefits," "demand[ed] more information about . . . VA benefit money," recused, and "order[ed] me to disclose my medical information to the public in open court"). And Mr. Skellchock's appellate

4

brief confirms "the state judges issued orders affecting veterans[] benefits, which are exclusively governed by federal law." Aplt. Br. at 5. These averments are insufficient to divest the state judges of their absolute judicial immunity.

### III

The district court's judgment is affirmed. Mr. Skellchock's motions for oral argument or for expedited consideration and to file electronically are denied as moot.

Entered for the Court

Richard E.N. Federico
Circuit Judge